FILED

Loan 1320.453 May-14 PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

entitled to receive proceeds for such repair and restoration. Mortgagee shall have no obligation to pay interest on any insurance proceeds held by it. In the event of foreclosure of this Mortgage or other transfer of title or assignment of the Premises in extinguishment, in whole or in part, of the debt secured hereby, all right, title and interest of Mortgagor in and to all policies of insurance required hereunder shall inure to the benefit of and pass to Mortgagor's successor in interest or to the purchaser of grantee of the Premises.

(e) That Mortgagor will not commit or permit any waste on the Premises and will keep the buildings, sidewalks, parking lots, fences and all other improvements now or hereafter erected on the Premises in sound condition and in good repair and will neither do nor permit to be done anything to the Premises that may impair the value thereof and the Mortgagee shall have the right of entry upon the Premises at all reasonable times for the purpose of inspecting the same.

(f) That Mortgagor shall promptly pay and shall not suffer any mechanic's, laborer's, statutory or other lien to be created or to remain outstanding upon any of the Land.

(g) In the event of the passage of any state, federal, municipal or other governmental law, order, rule or regulation subsequent to the date hereof, in any manner changing or modifying the laws now in force governing the taxation of mortgages or debts secured by mortgages or the manner of collecting taxes, then Mortgagor immediately shall pay any increased taxes if allowed by law, and if Mortgagor fails to pay such additional taxes, or if Mortgagor is prohibited from paying such taxes, or if Mortgagee in any way is adversely affected by such law, order, rule or regulation, then in any of such events, all indebtedness secured by this Mortgage and all interest accrued thereon shall without notice become due and payable forthwith at the option of the Mortgagee.

5. ASSIGNMENT/BANKRUPTCY BY MORTGAGOR: If Mortgagor makes an assignment for the benefit of creditors, or if a receiver is appointed for any part of the Premises, or if Mortgagor is adjudicated as bankrupt, or if Mortgagor institutes any proceeding under the Federal Bankruptcy Laws of the United States or similar laws of any state in which Mortgagor is domiciled, then on the happening of any one of these events ("Event of Default"), the whole of the Secured Indebtedness shall immediately become due and payable at the option of the Mortgagee, and the Mortgagee may proceed with foreclosure as herein provided.

6. ACCELERATION; POWER OF SALE: If Mortgagor shall well and truly pay, or cause to be paid, the Note, and other debt that may be owing, and does keep and perform each and every covenant, condition, and stipulation herein and in the Note contained, then these presents shall become null and void; otherwise to be and remain in full force and effect. If there is a default in any payment, or part thereof, under the Note, or if Mortgagor shall fail to keep or perform any of the covenants, conditions or stipulations herein (all of which shall be "Events of Default" hereunder), then the Note, together with all other sums secured hereby shall, at the option of the Mortgagee, become at once due and payable without demand or notice other than that demand or notice provided for in this paragraph, and Mortgagee may declare the entire Secured Indebtedness immediately due, payable and collectible, without notice to Mortgagor, regardless of maturity, time being of the essence of this mortgage, and, in that event, the entire Secured Indebtedness shall become immediately due, payable and collectible; and thereupon Mortgagee may sell and dispose of the Premises at public auction, at the usual place for conducting sales at the courthouse in the county where the Premises or any part thereof may be located, to the highest bidder for cash, after first advertising the time, terms and place of such

5

sale by publishing a notice thereof once a week for three consecutive weeks in some newspaper published in the county where said property is located, all other notice being hereby waived by Mortgagor; and

Mortgagee may thereupon execute and deliver to the purchaser at said sale a sufficient conveyance of the Premises, which conveyance may contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends, and said recitals shall be presumptive evidence that all preliminary acts prerequisite to said sale and deed were in all things duly complied with; and Mortgagee, its agents, representatives, successors or assigns, may bid and purchase at such sale; and Mortgagor hereby constitutes and appoints Mortgagee or its assigns, agent and attorney-in-fact to make such recitals, sale and conveyance, and all of the acts of such attorney-in-fact are hereby ratified, and Mortgagor agrees that such recitals shall be binding and conclusive upon Mortgagor. Mortgagor covenants and agrees that the proceeds of sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this note; (c) excess, if any, to the person or persons legally entitled thereto.

In case of any sale under this mortgage by virtue of the exercise of the power herein granted, or pursuant to any order in any judicial proceedings or otherwise, at the election of Mortgagee the Premises or any part thereof may be sold in one parcel and as an entirety, or in such parcels, manner or order as Mortgagee in its sole discretion may elect, and one or more exercises of the powers herein granted shall not extinguish or exhaust the power unless the entire Premises are sold or the Secured Indebtedness paid in full.

7. INTERCEPTION OF RENTS ON DEFAULT: In the event the payments due on this indebtedness become as much as two months delinquent, mortgagee may, without notice to mortgagor, intercept and collect all rents due on the mortgaged premises and apply same to the mortgage debt. Upon default of Mortgagor under the terms of this Mortgage, the Note, or any other instrument securing Mortgagor, deduct from the rents all expenses and apply the remainder to the debt. It is expressly agreed that in such an event Mortgagee is hereby appointed and constituted Mortgagor's agent and attorney-in-fact to collect such rentals by any appropriate proceedings, and Mortgagee is authorized to pay a rental or real estate agent six percent (6%) commission. The net amount of rent so collected shall be applied towards the Secured Indebtedness.

8. RIGHT TO RECEIVER: The Mortgagee shall have the additional right, upon the commencement of any action to enforce the lien herein given, to have appointed by the court in which said action is instituted a receiver to take possession of the Premises and collect the said rents, issue, and profits arising from the Premises. This provision is a right created by this contract and is cumulative of, and is not to affect in any way, the right of the Mortgagee to the appointment of a receiver given the Mortgagee by law

9.     LATE CHARGE: At the option of the Mortgagee, Mortgagor will pay a "late charge" not exceeding five percent (5%) of any installment due under the Note not paid within ten (10) days of the due date thereof for each and every date that such installment is not paid after the due date thereof, to cover the extra expenses involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the

6

debt secured hereby, unless such proceeds are sufficient to discharge the entire debt and all expenses secured hereby.

10.  EMINENT DOMAIN: If a part of the premises shall be damaged or taken for public use under or by reason of the power of eminent domain, Mortgagee shall have the right to receive and collect all damages awarded by such condemnation proceeding and apply the same on the indebtedness secured hereby in such manner and in such order of payment as it shall determine, less costs and expenses incurred in connection therewith.

11.  INSPECTIONS: Mortgagee, or its agents, representatives or workmen, are authorized to enter at any reasonable time upon or in any part of the Premises for the purpose of inspecting the same and for the purpose of performing any of the acts it is authorized to perform under the terms of any of the Loan Instruments.

12.  MORTGAGEE'S ACTIONS TO PRESERVE PREMISES: The Mortgagee may, at the Mortgagee's option, without demand or notice and without waiver of any right, pay or discharge any lien or claim upon the Premises or pay any delinquent tax or assessment, and, upon such payment the Mortgagee shall be subrogated respectively to the rights of the holder of such lien or claim or to the rights of the taxing authority; the Mortgagee may advance any unpaid insurance premiums, and whenever Mortgagor has failed properly to maintain the improvements, the Mortgagee may make repairs necessary for the proper preservation of the security and add the cost of such repairs to the principal amount of the loan. Mortgagor agrees to pay to the Mortgagee, upon demand, any and all disbursements made under the provisions of this Mortgage, together with interest thereon at the rate which the principal of the Note shall bear after default from the respective dates of such disbursements, and all such disbursements shall become a part of the debt, payable at the same place specified in the Note, and shall be secured by this Mortgage.

13.  DEALINGS WITH SUCCESSORS IN INTEREST: In the event the ownership of the Premises, or any part thereof, becomes vested in a person other than Mortgagor, the Mortgagee may, without notice to Mortgagor, deal with such successor or successors in interest with reference to this Mortgage and to said debt in the same manner as with Mortgagor without in any way violating or discharging Mortgagor's liability hereunder or upon the debt. No sale of the Premises and no forbearance on the part of the Mortgagee and no extension of the time for the payment of the debt hereby secured, given by the Mortgagee, shall operate to release, modify, change or affect the original liability of Mortgagor either in whole or in part.

14.  RELEASES: The Mortgagee (or either of them, acting with or without joinder of the other in the execution of said document), without notice, may release any part of the Premises, or any person liable for the debt, without in any way affecting the lien hereof upon any part of the Premises not expressly released or the liability of any person not expressly released, and may agree with any party obligated on the debt, or having any interest in the Premises, to extend the time for payment of any part or all of the debt. Such agreement shall not in any way release or impair the lien hereof, but shall extend the lien hereof as against the title of all parties having any interest in the Premises which is subject to this Mortgage. Upon payment in full of all sums secured by the lien of this Mortgage, the Mortgagee (or either of them) agree to execute and file a Satisfaction of Mortgage releasing the lien of this mortgage in the Probate

7

**Loan 1320.43**

Office in the County where the property encumbered by the lien of this mortgage is located.

15.    NON-WAIVER: Acceptance by the Mortgagee of any payment in an amount less than the amount then due on said debt shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be a default. At any time thereafter, and until the entire amount then due on said debt has been paid, the Mortgagee shall be entitled to exercise all rights conferred upon it in this instrument upon the occurrence of a default.

16.    ESTOPPEL CERTIFICATES: Within ten (10) days of written request by Mortgagee, Mortgagor shall notify, by a writing duly acknowledged, to the Mortgagee or to any proposed assignee of this Mortgage as specified by Mortgagee, the amount of principal and interest then owing on the Note and whether any offsets or defenses exist against the debt secured hereby.

17.    SALE OR TRANSFER OF PROPERTY: Without the prior express written approval of Mortgagee, Mortgagor shall not sell, convey, transfer, assign or otherwise alienate or dispose in any manner whatsoever the Premises, or any part thereof, or any interest therein, nor shall Mortgagor, if Mortgagor be other than an individual, transfer, convey, assign or otherwise alienate any interest in Mortgagor. Mortgagor hereby covenants and agrees that the approval of Mortgagee to any of the foregoing may be expressly conditioned upon an increase in the rate of interest provided for in the Note and the imposition of a fee by the Mortgagee in connection with any of the foregoing. Failure of Mortgagor to obtain the prior written approval of Mortgagee as aforesaid shall constitute an event of default hereunder and shall entitle Mortgagee to avail itself of the remedies herein provided for an event of default hereunder. The consent by Mortgagee to one such sale, transfer, etc., shall not be deemed a consent to any other subsequent sale, transfer, etc.

18.    UNIFORM COMMERCIAL CODE SECURITY AGREEMENT: This instrument is intended to be a security agreement pursuant to the Uniform Commercial Code for any of the items specified above as a part of the Premises which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code, and Mortgagor hereby grants Mortgagee a security interest in said items. Mortgagor agrees that Mortgagee may file this Instrument, or a reproduction thereof, in the real estate records or other appropriate index, as a financing statement for any of the items specified above as part of the Premises. Any reproduction of this Instrument or of any other security agreement or financing statement shall be sufficient as a financing statement. In addition, Mortgagor agrees to execute and deliver to Mortgagee, upon Mortgagee's request, any financing statements, as well as extensions, renewals and amendments thereof, and reproductions of this Instrument in such form as Mortgagee may require to perfect a security interest with respect to said items. Mortgagor shall pay all costs of filing such financing statements and any extensions, renewals, amendments and releases thereof, and shall pay all reasonable costs and expenses of any record searches for financing statements Mortgagee may reasonably require. Without the prior written consent of Mortgagee, Mortgagor shall not create or suffer to be created pursuant to the Uniform Commercial Code any other security interest in said items, including replacements and additions thereto. Upon Mortgagor's breach of any covenant or agreement contained in this Mortgage, including the covenants to pay when due all sums secured by this Instrument, Mortgagee shall have the remedies of a secured

8

party under the Uniform Commercial Code and, at Mortgagee's option, may also invoke the remedies provided in this Instrument as to such items. In exercising any of said remedies, Mortgagee may proceed against the items of real property and any items of personal property specified above as part of the Premises separately or together and in any order whatsoever, without in any way affecting the availability of Mortgagee's remedies under the Uniform Commercial Code or of the remedies provided in this Instrument.

19.     NOTICES: Whenever any notice or demand is required or permitted hereunder, such notice or demand must be in writing. Any notice, demand, payment or document required or permitted to be delivered hereunder shall be deemed to be delivered, whether actually received or not, when deposited in the United States mail, postage prepaid, certified mail, return receipt requested, addressed to the party who is to receive it at the address which such party has theretofore specified by written notice delivered in accordance herewith. Until changed in accordance herewith, the addresses set forth on Page 1 hereof are specified as the addresses for Mortgagor and Mortgagee for receiving notices, demands, payments and documents.

20.     COSTS OF COLLECTION: Mortgagor will pay all reasonable attorney's fees and expenses which may be incurred by Mortgagee in enforcing the terms of the Note and this Mortgage, or in any suit to which the Mortgagee may become a party where the Mortgage or the Premises are in any manner involved and all expenses incurred in presenting a claim against the estate of a decedent or a bankrupt and will also pay any attorney's fees and expenses reasonably incurred in connection with the assignment to Mortgagee of any leases subsequently entered into by Mortgagor which are required to be assigned to Mortgagee as additional collateral to secure payment of the indebtedness herein secured as well as any and all such fees and expenses reasonably incurred prior to full and final payment of such indebtedness relating to future advances, transfer of title to the premises and similar matters not otherwise provided for herein. In addition to the foregoing, Mortgagor hereby reaffirms those provisions of the Note pertaining to attorneys' fees and costs incurred by Mortgagee as a result of a default in the payment of the Note.

21.     WAIVER OF RIGHTS: Except as expressly provided herein, Mortgagor waives demand, presentment, notice of nonpayment or dishonor, notice of intent to accelerate, notice of acceleration, diligence in collecting, grace, notice and protest.

22.     SINGULAR INCLUDES THE PLURAL: Whenever used the singular number shall include the plural, the plural the singular, the use of any gender shall include all genders. The words "Mortgagor" and "Mortgagee" shall include their executors, administrators, successors and assigns.

23.     HEADINGS FOR CONVENIENCE ONLY: The headings used in this Mortgage are inserted solely for convenience of reference and are not to be used in construing this Mortgage or any provision thereof.

24.     APPLICABLE LAW: In the event the enforceability or validity of any provision of the Note, of this Mortgage or of any other document evidencing or securing the indebtedness represented by the Note is challenged or questioned, such provision shall be governed by, and shall be construed in accordance with, whichever applicable federal or Alabama law would

9

uphold or would enforce such challenged or questioned provision.

Springfield MPH, LLC

By: Ebrahim Jabreel  *JEBRECL*
Title: Sole Member

Grasmere MHP, LLC

By: Ebrahim Jabreel  *JEBREEL*
Title: Sole Member

STATE OF *CALIFORNIA*

COUNTY OF *LOJ ANGELES*

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Ebrahim Jabreel, whose name as Sole Member of Springfield MHP, LLC, a limited liability company, is signed to the foregoing and who is known to me, acknowledged before me on this day that, being informed of the contents, he, as such member and with full authority, executed the same voluntarily for and as the act of said limited liability company. Given on this the _14_ day of December, 2020.

NEAL BERNARD JANNOL
Notary Public – California
Los Angeles County
Commission # 2190012
My Comm. Expires Apr 7, 2021

Notary Public
Printed Name: *NEAL BERNARD JANNOL*
My Commission Expires: 4/7/2021

10

Loan 1320.43

STATE OF _CALIFORNIA_

COUNTY OF _LOS ANGELES_

     I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Ebrahim Jabreel, whose name as Sole Member of Grasmere MHP, LLC, a limited liability company, is signed to the foregoing and who is known to me, acknowledged before me on this day that, being informed of the contents, he, as such member and with full authority, executed the same voluntarily for and as the act of said limited liability company. Given on this the _14_ day of December, 2020.



NEAL BERNARD JANNOL
Notary Public – California
Los Angeles County
Commission # 2190012
My Comm. Expires Apr 7, 2021

Notary Public
Printed Name: _NEAL BERNARD JANNOL_
My Commission Expires: _4/7/2021_

This Instrument Prepared By:
Melissa Kessler Smith
Smith Kessler Smith, LLC
P.O. Box 3549
Gulf Shores, Alabama 36547

11

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On __December 14, 2020__ before me, __Neal Bernard Jannol, notary public__

(insert name and title of the officer)

personally appeared __Ebrahim Jebreel__ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NEAL BERNARD JANNOL
Notary Public - California
Los Angeles County
Commission # 2190012
My Comm. Expires Apr 7, 2021

Signature _____    (Seal)

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On ___December 14, 2020___ before me, ___Neal Bernard Jannol, notary public___

(insert name and title of the officer)

personally appeared ___Ebrahim Jebreel___,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NEAL BERNARD JANNOL
Notary Public – California
Los Angeles County
Commission # 2190012
My Comm. Expires Apr 7, 2021

Signature _____   (Seal)

Loan 1320.43

## EXHIBIT A

Commence at the NE corner of the SE 1/4 of the SE 1/4 of Section 3, Township 17 South, Range 4 West, and run South along the East Section line for 808.55 feet to a 1" open pipe for the Point of Beginning; thence turn 90 degrees 26 minutes 17 seconds right, West for 199.70 feet to a 2" open pipe; thence turn 90 degrees 12 minutes 38 seconds left, South for 455.02 feet to a 1" open pipe; thence turn 90 degrees 09 minutes 23 seconds right, West for 464.96 feet to a capped rebar at the SW corner of Lot 6, Waverly Hills Subdivision, Sector Two and the East line of the SW 1/4 of the SE 1/4 of the SE 1/4 of said Section; thence turn 89 degrees 44 minutes 08 seconds right, North for 600.03 to a capped rebar at the NE corner of said 1/4 -1/4 - 1/4 Section; thence turn 89 degrees 46 minutes 15 seconds left, West along the North line of 663.82 feet to a capped rebar; thence turn 90 degrees 15 minutes 31 seconds left, South along the West line of the 1/4 - 1/4 for 662.43 feet to the NW corner of the NE 1/4 of the NE 1/4, Section 10, Township 17, Range 4 West, thence turn 00 degrees 58 minutes 11 seconds left, South for 1330.33 feet to the SW corner of the 1/4 - 1/4; thence 89 degrees 55 minutes 43 seconds left, North for 1327.08 feet to the SW corner of the SW 1/4 of the SW 1/4 of Section 2, Township 17, Range 4 West; thence North 00 degrees, 00 minutes, 00 seconds East for 1330 feet; thence turn 90 degrees 27 minutes 58 seconds right, East along the South line of the Section for 497.97 feet to the Westerly right-of-way of Minor Parkway; thence turn 98 degrees 21 minutes 39 seconds left, Northwesterly along the right-of-way for 523.12 feet to a 1/2" open pipe; thence turn 81 degrees 39 minutes 46 seconds left, West for 19.05 feet to a capped rebar; thence turn 47 degrees 21 minutes 45 seconds left for 23.92 feet to a concrete monument; thence turn 92 degrees 56 minutes 35 seconds right for 14.95 feet to a concrete monument; thence turn 88 degrees 32 minutes 34 seconds left, for 22.36 feet to a concrete monument; thence turn 92 degrees 10 minutes 08 seconds right for 15.19 feet to a concrete monument; thence turn 86 degrees 59 minutes 50 seconds left for 48.20 feet to a concrete monument on the Westerly right-of-way of Main Street; thence turn 93 degrees 53 minutes 08 seconds right, along right-of-way for 48.16 feet; thence turn 55 degrees 58 minutes 25 seconds left, West for 291.91 feet to the Point of Beginning.

ELECTRONICALLY FILED
5/14/2025 9:46 AM
01-CV-2025-901919.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT C



# LEGACY HOUSING CORPORATION

1600 Airport Freeway, Suite 100

Bedford, Texas 76022

Telephone: (817) 799-4917

MHPFinance@legacyhousingcorp.com

11/21/2024

Springfield MHP, LLC

Ebrahim Jebreel

10850 Wilshire Blvd Ste 301

Los Angeles, CA 90024

Dear Ebrahim Jebreel:

Congratulations! Loan 1320.43 has reached maturity with a final draft date of 12/20/2024. The final draft will be auto drafted from the bank account currently on file in the amount of $301,942.62. Once the final payment is made, the loan will be paid in full and closed. We will confirm with you where the lien release documents should be mailed after the final payment has been confirmed.

Thank you,

Robert Oswald

Finance Manager

ELECTRONICALLY FILED
5/14/2025 9:46 AM
01-CV-2025-901919.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT D

——— Forwarded message ———
From: Keaton Shepard <keatonshepard@legacyhousingcorp.com>
Date: Thu, Dec 12, 2024 at 1:53 PM
Subject: Re: Loan 1320.43 Maturity Letter
To: Ebby Jebreel <ebby@mlestates.com>
Cc: MHP Finance <mhpfinance@legacyhousingcorp.com>, Robert Oswald
<robertoswald@legacyhousingcorp.com>, Daren Starnes <darenstarnes@legacyhousingcorp.com>

Good afternoon, Mr. Jebreel.

Please confirm receipt of the letter sent previously on 11/21/2024 regarding loan 1320.43 Springfield
MHP, LLC (reattached here). This loan has an upcoming maturity date on 12/20/2024 for the entire
principal and accrued interest balance, totaling $301,942.62.

We can draft that final payment from the bank account we have on file, you can send a wire using the
attached wiring instructions, or you can scan a check to us. Let us know which method you prefer.

Best,

**Keaton Shepard**
Finance Manager
Legacy Housing Corp I 1600 Airport Fwy, Suite 100 Bedford, TX 76022
O 817.799.4917 I Keatonshepard@legacyhousingcorp.com

ELECTRONICALLY FILED
5/14/2025 9:46 AM
01-CV-2025-901919.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT E

| Subject: | Springfield MHP/Grasmere MHP - Legacy |
| --- | --- |
| Date: | Wednesday, April 23, 2025 at 3:33:47 PM Central Daylight Time |
| From: | Daniel Weber |
| To: | Hayes Brown |
| CC: | Angie Holman |

**Attachments:** image001.png, 2025-04-23 Letter to Lienholders.pdf, NOTICE OF FORECLOSURE SALE.pdf

Mr. Brown:

The undersigned represents Legacy Housing Corporation. Please see attached correspondence and attachment. Thanks.

## /s/ Daniel S. Weber, Esq.



**100 Concourse Parkway, Suite 310 West Tower**
**Hoover AL 35244**
**Direct Dial:   205.876.1628**
**Facsimile:     205.876.1616**
**Email:         dsweber@smgblawyers.com**

**THIS COMMUNICATION AND ANY ATTACHMENT IS SUBJECT TO THE CONFIDENTIALITY NOTE BELOW AND THE DISCLAIMER ON OUR WEBSITE,http://www.smgblawyers.com/disclaimer.aspx, IS ATTORNEY-CLIENT PRIVILEGED AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE RECIPIENT(S) NAMED ABOVE.**

**THIS ELECTRONIC TRANSMISSION CONTAINS INFORMATION FROM THE LAW FIRM OF SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC, WHICH MAY BE CONFIDENTIAL OR PRIVILEGED. THE INFORMATION IS INTENDED TO BE FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE CONTENTS OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE OR BY ELECTRONIC MAIL IMMEDIATELY.**



SMGB
LAW | SINCE 2007

100 Concourse Parkway
Suite 310 West
Hoover, Alabama 35244
Daniel S. Weber, Esq.
dsweber@smgblawyers.com
205-876-1628
Licensed in AL, KY, TN, WV

April 23, 2025

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
Springfield MHP, LLC
Grasmere MHP, LLC
Ebrahim Jebreel
10850 Wilshire Blvd., Suite 301
Los Angeles, CA 90024

c/o Registered Agent
USCA Inc.
100 Oxmoor Road, Suite 110
Birmingham, AL 35209

RE:    **Legacy Housing Corporation**
       **Loan 1320.43**
       **Springfield MHP, LLC**
       **Grasmere MHP LLC**

Dear Messrs. Brown and Jebreel:

The undersigned represents Legacy Housing Corporation ("Legacy"). As you are aware, Springfield MHP, LLC is indebted to Legacy in an amount not less than $613,949.38 (the "Debt") pursuant to a Promissory Note dated December 20, 2020 (the "Note"). On December 20, 2024, the Note matured, and the Debt became immediately due and payable. Legacy also formally requested payment in letter dated January 20, 2025.

Because the Debt remains unpaid, Legacy has elected to initiate non-judicial foreclosure proceedings pursuant to the mortgage used to secure the Note. A copy of the foreclosure notice is enclosed. The foreclosure sale is set for May 20, 2025. Demand is hereby made that you direct all rents from this point forward to Legacy and relinquish management of said property on the date of sale.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL
BE USED FOR THIS PURPOSE.

Very truly yours,

SMGB Law

*/s Daniel S. Weber*

Daniel S. Weber

cc:     Hayes Brown
        hbrown@hayesbrown.com

        Sarin Akhtarzad
        819 North La Cienega Blvd.
        West Hollywood, CA 90069

        Maryland Securities, Ltd.
        12 Ashfield Road, Cheadle, Cheshire SK81BB

STATE OF ALABAMA

COUNTY OF JEFFERSON

## NOTICE OF MORTGAGE FORECLOSURE SALE

Default having been made in the payment of the indebtedness secured by that certain

mortgage executed by SPRINGFIELD MHP, LLC, an Alabama limited liability company, and

GRASMERE MHP, LLC, an Alabama limited liability company, on the 14th day of December

2020, in favor of LEGACY HOUSING CORPORATION, as recorded in the office of the Probate

Judge of Jefferson County, Alabama, Instrument # 2020146358, LEGACY HOUSING

CORPORATION, as Mortgagee, acting under the power of sale contained in said mortgage, will

sell the real and personal property situated in Jefferson County, Alabama, and described below

(the "Property") at public outcry, for cash to the highest bidder, in front of the main entrance of

the Courthouse, in the City of Birmingham, Jefferson County, Alabama, during the legal hours of

sale on May 20, 2025.

Commence at the NE corner of the SE 1/4 of the SE 1/4 of Section 3, Township 17 South, Range 4 West, and run South along the East Section line for 808.55 feet to a 1" open pipe for the Point of Beginning; thence turn 90 degrees 26 minutes 17 seconds right, West for 199.70 feet to a 2" open pipe; thence turn 90 degrees 12 minutes 38 seconds left, South for 455.02 feet to a 1" open pipe; thence turn 90 degrees 09 minutes 23 seconds right, West for 464.96 feet to a capped rebar at the SW Corner of Lot 6, Waverly Hills Subdivision, Sector Two and the East line of the SW 1/4 of the SE 1/4 of the SE 1/4 of said Section; thence turn 89 degrees 44 minutes 08 seconds right, North for 600.03 to a capped rebar at the NE corner of said 1/4 – 1/4 – 1/4 Section; thence turn 89 degrees 46 minutes 15 seconds left, West along the North line of 663.82 feet to a capped rebar; thence turn 90 degrees 15 minutes 31 seconds left, South along the West line of 1/4 - 1/4 for 662.43 feet to the NW corner of the NE 1/4 of the NE 1/4, Section 10, Township 17, Range 4 West, thence turn 00 degrees 58 minutes 11 seconds left, South for 1330.33 feet to the SW corner of the 1/4 - 1/4; thence 89 degrees 55 minutes 43 seconds left, North for 1327.08 feet to the SW corner of the SW 1/4 of the SW 1/4 of Section 2, Township 17, Range 4 West; thence North 00 degrees, 00 minutes, 00 seconds East for 1330 feet; thence turn 90 degrees 27 minutes 58 seconds right, East along the South line of the Section for 497.97 feet to the Westerly right-of-way to Minor Parkway; thence turn 98 degrees 21 minutes 39 seconds left, Northwesterly along the right-of-way for 523.12 feet to a 1/2" open pipe; thence turn 81 degrees 39 minutes 46 seconds left, West for 19.05

feet to a capped rebar; thence turn 47 degrees 21 minutes 45 seconds left for 23.92 feet to a concrete monument; thence turn 92 degrees 56 minutes 35 seconds right for 14.95 feet to a concrete monument; thence turn 88 degrees 32 minutes 34 seconds left, for 22.36 feet to a concrete monument; thence turn 92 degrees 10 minutes 08 seconds right for 15.19 feet to a concrete monument; thence turn 86 degrees 59 minutes 50 seconds left for 48.20 feet to a concrete monument on the Westerly right-of-way of Main Street; thence turn 93 degrees 53 minutes 08 seconds right, along right-of-way for 48.16 feet; thence turn 55 degrees 58 minutes 25 seconds left, West for 291.91 feet to the Point of Beginning.

The Property will be sold together with the hereditaments and appurtenances thereunto belonging and all fixtures now attached to and used in connection with the premises herein described.

The Property will be sold on an "as is, where is" basis, without warranty or recourse, expressed or implied as to title, use and/or enjoyment and will be sold subject to the right of redemption of all parties entitled thereto.

Alabama law gives some persons who have an interest in property the right to redeem the property under certain circumstances. Programs may also exist that help persons avoid or delay the foreclosure process. An attorney should be consulted to help you understand these rights and programs as a part of the foreclosure process.

Said sale will be subject to any existing Federal Tax Lien, if any, and/or Special Assessments, if any, which might adversely affect the title to the subject Property.

This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure. The Mortgagee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate.

Said sale will be made for the purpose of paying the indebtedness secured by the above-described mortgage, and the proceeds thereof will be applied as provided by the terms of said mortgage. If the sale is set aside, the purchaser may be entitled to only a return of any tendered

purchase funds less any applicable fees and costs and shall have no other recourse against the

Mortgagor, the Mortgagee, or the Mortgagee's attorney. This sale is subject to postponement or

cancellation. Contact Angie Holman at the phone number below prior to attending sale.


Simpson, McMahan, Glick & Burford, PLLC
100 Concourse Pkwy, Ste 310W
Hoover, AL 35244
(205) 876-1600


THE ABOVE LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR,
UNDER FEDERAL LAW. IF SO, ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.



AlaFile E-Notice

01-CV-2025-901919.00

To:   JAMES P PEWITT
      jim@jamespewitt.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION
01-CV-2025-901919.00

The following complaint was FILED on 5/14/2025 9:46:43 AM

Notice Date:     5/14/2025 9:46:43 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-901919.00

To:  LEGACY HOUSING CORPORATION
C/O INCORP SERVICES, INC.
4037 US 231, SUITE A
WETUMPKA, AL, 36093

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION
01-CV-2025-901919.00

The following complaint was FILED on 5/14/2025 9:46:43 AM

Notice Date:     5/14/2025 9:46:43 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2025-901919.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION

**NOTICE TO:** LEGACY HOUSING CORPORATION, C/O INCORP SERVICES, INC. 4037 US 231, SUITE A, WETUMPKA, AL 36093

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JAMES P PEWITT
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2 North 20th Street, Suite 925, BIRMINGHAM, AL 35203
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    SPRINGFILED MHP, LLC
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 05/14/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JAMES P PEWITT

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on
.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
in    County, Alabama on
.

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
in    County, Alabama on    who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

ELECTRONICALLY FILED
5/14/2025 9:53 AM
01-CV-2025-901919.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**STATE OF ALABAMA**                    Revised 3/5/08                    Cas

Unified Judicial System

01-JEFFERSON          ☐ **District Court**   ☑ **Circuit Court**      CV2

| | |
|---|---|
| SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION | **CIVIL MOTION COVER SHEET** *Name of Filing Party:* C001 - SPRINGFILED MHP, LLC   C002 - GRASMERE MHP, LLC |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JAMES P PEWITT

2 North 20th Street, Suite 925

BIRMINGHAM, AL 35203

*Attorney Bar No.:*  PEW001

☐ Oral Arguments Requested

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    MOTION FOR TEMPORARY RESTRAINING ORDER |
| | pursuant to Rule ._____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 5/14/2025 9:52:39 AM | Signature of Attorney or Party /s/ JAMES P PEWITT |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
5/14/2025 9:53 AM
01-CV-2025-901919.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| SPRINGFIELD MHP, LLC, | ) |
| and GRASMERE MHP, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LEGACY HOUSING CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, Springfield MHP, LLC ("Springfield") and Grasmere MHP, LLC ("Grasmere"), move the Court for a temporary restraining order prohibiting the Defendant, Legacy Housing Corporation ("Legacy") from proceeding with a non-judicial foreclosure sale of commercial property owned by Springfield and Grasmere, which is currently scheduled for May 20, 2025. This motion is based on the Verified Complaint for Temporary Restraining Order, Preliminary Injunctive Relief, and Damages filed concurrently herewith. If this motion were not granted, Springfield and Grasmere would suffer immediate and irreparable injury. Springfield and Grasmere have no adequate remedy at law. They have at least a reasonable chance of success on the ultimate merits of this case, and the hardship imposed on Legacy would not unreasonably outweigh the benefit accruing to Springfield and Grasmere. *See Lott v. Eastern Shore Christian Center*, 908 So.2d 922, 927 (Ala. 2005) (describing the showing required for a temporary restraining order and reiterating that the grant of such an order is subject to the sound discretion of the trial court). As is clear from their Complaint, Springfield and Grasmere have made a case for wrongful foreclosure. When such a claim has been made, a court of equity has

the authority to enjoin the sale. *Property Holdings, LLC, v. Bama Bayou, LLC*, 329 So.3d 1250,

1268 (Ala. 2020) (citing *Jackson v. Wells Fargo Bank, N.A.* 90 So.3d 168, 171 (Ala. 2012)).

The undersigned certifies that copies of this motion and the Complaint have been sent by

electronic mail to Daniel S. Weber, local counsel for Legacy in connection with the foreclosure,

and that the undersigned will attempt to contact Mr. Weber by telephone upon the hearing of this

motion.

Respectfully submitted,

*s/ James P. Pewitt*
James P. Pewitt (PEW001)
Attorney for Plaintiffs

**OF COUNSEL:**
**JAMES P. PEWITT, LLC**
Two North Twentieth
2 20th Street North, Suite 925
Birmingham, AL  35203
Telephone: (205) 874-6686
jim@jamespewitt.com

2



AlaFile E-Notice

01-CV-2025-901919.00

Judge: MONICA Y. AGEE

To:  JAMES P PEWITT
     jim@jamespewitt.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION
01-CV-2025-901919.00

The following matter was FILED on 5/14/2025 9:53:13 AM

C001 SPRINGFILED MHP, LLC

C002 GRASMERE MHP, LLC

MOTION FOR TEMPORARY RESTRAINING ORDER

[Filer: PEWITT JAMES PRICE]

Notice Date:     5/14/2025 9:53:13 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-901919.00

Judge: MONICA Y. AGEE

To:  LEGACY HOUSING CORPORATION (PRO SE)
C/O INCORP SERVICES, INC.
4037 US 231, SUITE A
WETUMPKA, AL, 36093-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SPRINGFILED MHP, LLC ET AL V. LEGACY HOUSING CORPORATION
01-CV-2025-901919.00

The following matter was FILED on 5/14/2025 9:53:13 AM

C001 SPRINGFILED MHP, LLC

C002 GRASMERE MHP, LLC

MOTION FOR TEMPORARY RESTRAINING ORDER

[Filer: PEWITT JAMES PRICE]

Notice Date:     5/14/2025 9:53:13 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov