UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SPRINGFIELD MHP, LLC, and GRASMERE MHP, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:25-cv-00754 |
| LEGACY HOUSING CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## OPPOSED EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Defendant Legacy Housing Corporation ("Legacy") submits this Emergency Motion to Dissolve the Temporary Restraining Order issued by the Circuit Court of Jefferson County, Alabama on May 14, 2025 (the "TRO"). As set forth below, the Circuit Court of Jefferson County issued the TRO enjoining a May 20, 2025 foreclosure sale without a showing of irreparable harm, without proof of attempts at notice or futility, and without requiring appropriate security. It is undisputed that Plaintiffs defaulted on the mortgage and that Legacy is entitled to sell the property. Plaintiffs' claims come down to the appropriate calculation of the balance owed, which is a money damages issue for a potential deficiency balance. The TRO must be dissolved. Counsels spoke on May 14 and Plaintiffs' counsel confirmed the motion is opposed.

On May 14, 2025, Plaintiffs filed a Verified Complaint and Motion for Temporary Restraining Order at 9:46 AM and 9:53 AM, respectively. (Doc. 1-3). While

1

Plaintiffs' counsel sent Legacy's counsel a letter via email at 9:56 AM stating he was heading to the courthouse, Legacy did not otherwise receive notice of a hearing on the Motion for Temporary Restraining Order. At 12:08 PM, the Circuit Court of Jefferson County entered an Order granting the Temporary Restraining Order ("TRO") and staying a planned and duly-noticed foreclosure sale on May 20, 2025. (Exhibit A, Temporary Restraining Order).

The Circuit Court of Jefferson County should not have issued the TRO for three reasons.

First, Plaintiffs did not and cannot show irreparable harm. Ala. R. Civ. P. 65(b); Fed. R. Civ. P. 65(b). Plaintiffs do not dispute that they are in default under the mortgage and owe at least $301,942.62. (Doc. 1-1, ¶ 26-27). They do not dispute that Legacy is entitled to sell the property and provided valid notice of the sale. They assert that Legacy improperly included over $300,000 in contractual "penalties" in its demand for payment. (Doc. 1-1, ¶ 30). This issues goes to money damages (i.e., Legacy's deficiency balance or Plaintiffs' surplus balance) that can and should be adjudicated after the sale of the property. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Na. Fla. Chapter of the Ass'n of General Contractors of America v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990). Legacy's alleged improper demand for contractual "penalties" can be remedied through a judgment declaring such sums are not owed on any deficiency balance or should be included in a surplus balance after the sale. It does not warrant postponing the sale.

Second, Plaintiffs did not show efforts to provide notice to Legacy prior to a hearing or futility of such notice. Ala. R. Civ. P. 65(b); Fed. R. Civ. P. 65(b). They asserted in Paragraph 32 of their Verified Complaint that "[a]ny attempt by Springfield to tender less than the amount wrongfully declared by Legacy would be futile at this point." (Doc. 1-1, ¶ 32). But Plaintiffs did not present any evidence that they tendered the amount they admit they owe – $301,942.62. Because they did not tender this amount or any amount. And they do not know what the property will sell for and if such amount may exceed what Legacy claims is owed. So Plaintiffs have no idea if the payment discrepancy could be resolved short of the TRO.

And finally, except for one email less than two hours prior to entry of the TRO, Plaintiffs cannot show any effort made to give notice to Legacy prior to hearing. This is significant because Plaintiffs have been on notice of the planned foreclosure sale since April 23, 2025. (Exhibit B, Notice of Acceleration and Foreclosure Sale). They waited three weeks – to a date within ten days of the foreclosure sale so that a temporary restraining order would remain in place on the date of sale before expiring.

Third, the TRO's requirement of $100 security is wholly inadequate. Ala. R. Civ. P. 65(b) and Fed. R. Civ. P. 65(b) requires "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such amount that the court deems proper, for payment of such costs, damages, reasonable attorneys' fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained … ." Again, Plaintiffs admit that they are in default and owe at least $301,942.62. on the mortgage. They should have been required to

3

post cash or bond in this amount, plus Legacy's reasonable attorneys' fees and costs. $100 would not even cover Legacy's costs in this action.

The Circuit Court of Jefferson County issued the TRO without a showing of irreparable harm, without proof of attempted notice, and without requiring appropriate security. It is undisputed that Plaintiffs defaulted on the mortgage and Legacy is entitled to sell the property. The TRO must be dissolved. The disputes among the parties deal only with money. Injunctive relief requires a balance of the damage the proposed injunction may cause to the opposing party and adverse impacts on the public interest. *DJR Associates, LLC v. Hammonds,* 241 F. Supp. 3d 1208, 1219 (N.D. Ala. 2017). Legacy and the public interest have been harmed by the TRO. If the TRO remains in place, Legacy will have to re-issue its notices of sale and go through the nonjudicial foreclosure process all over again.

WHEREFORE, PREMISES CONSIDERED, Legacy requests that the Court enter an Order dissolving the TRO and issuing an Order stating the scheduled sale on May 20, 2025 can move forward as scheduled. Alternatively, Legacy requests that the Court enter an Order requiring Plaintiffs to post security in the amount of $350,000, cash or bond, by midnight on May 19, 2025 to cover the amount of Plaintiffs' admitted default and Legacy's attorneys' fees and costs.

| | |
|---|---|
| Date: May 14, 2025 | *s/ Daniel S. Weber*<br>Daniel S. Weber (WEB060)<br>dsweber@smgblaw.com<br>Nicholas Hoisington<br>nickh@smgblawyers.com<br><br>SIMPSON, MCMAHAN, GLICK & BURFORD<br>100 Concourse Parkway<br>Suite 310 West Tower<br>Hoover, Alabama 35244<br>(205) 876-1600 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, I filed the foregoing with the Clerk of Court via CM/ECF, which will serve a copy on the following party:

James P. Pewitt
2 20th St N, Ste 925
Birmingham, AL 35203
jim@jamespewitt.com

*s/ Daniel S. Weber*
Daniel S. Weber

5