FILED
2025 May-21 PM 07:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SPRINGFIELD MHP, LLC, and GRASMERE MHP, LLC,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.: 2:25-cv-00754-RDP** |
| **vs.** | ) | |
| **LEGACY HOUSING CORPORATION,** | ) | |
| **Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,** | ) | |
| **vs.** | ) | |
| **EBRAHIM JEBREEL,** | ) | |
| **Third-Party Defendant.** | ) | |

**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT OF DEFENDANT LEGACY HOUSING CORPORATION**

Defendant Legacy Housing Corporation ("Legacy") sets forth the following Answer to the Verified Complaint of Plaintiffs and Counterclaim and Third-Party Complaint:

## ANSWER

### Jurisdiction and Venue

1. Legacy avers that the allegations of Paragraph 1 call for a legal conclusion to which no response is required. To the extent that a response is required, Legacy denies that the Circuit Court of Jefferson County, Alabama has jurisdiction of this matter.

2. Legacy avers that the allegations of Paragraph 2 call for a legal conclusion to which no response is required. To the extent that a response is required, Legacy denies that venue is proper in the Circuit Court of Jefferson County, Alabama.

### Parties

3. Upon information and belief, Legacy admits the allegations of Paragraph 3.

4. Legacy admits that it is a Texas corporation that manufactures manufactured homes. Legacy denies the remaining allegations of Paragraph 4.

**The Facts**

5. Legacy admits that it engaged with discussions with Plaintiffs about purchasing manufactured homes in 2020. Legacy denies the remaining allegations of Paragraph 5.

6. Legacy admits that Springfield executed the Promissory Note attached as Exhibit B to the Complaint the Note speaks for itself. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 6.

7. Legacy admits that Plaintiffs gave Legacy a security interest in the property as security for the Promissory Note pursuant to written documents that speak for themselves. Legacy avers that the remaining allegations of Paragraph 7 refer to written documents that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 7.

8. Legacy avers that the allegations of Paragraph 8 refer to written documents that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 8.

9. Legacy avers that the allegations of Paragraph 9 refer to written documents that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 9.

10. Legacy denies the allegations of Paragraph 10.

11. Legacy denies the allegations of Paragraph 11.

12. Legacy denies the allegations of Paragraph 12.

13. Legacy avers that the allegations of Paragraph 13 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 13.

14. Legacy denies the allegations of Paragraph 14.

15. Legacy avers that the allegations of Paragraph 15 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 15.

16. Legacy denies the allegations of Paragraph 16.

17. Legacy denies the allegations of Paragraph 17.

18. Legacy denies the allegations of Paragraph 18.

19. Legacy denies the allegations of Paragraph 19.

20. Legacy denies the allegations of Paragraph 20.

21. Legacy denies the allegations of Paragraph 21.

22. Legacy denies the allegations of Paragraph 22.

23. Legacy denies the allegations of Paragraph 23.

24. Legacy admits that, during “the term of the Note,” Springfield made “the interest payments required by the Note in a timely manner.” Legacy denies the remaining allegations of Paragraph 24.

25. Legacy avers that the allegations of Paragraph 25 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 25.

26. Legacy avers that the allegations of Paragraph 26 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 26.

27. Legacy avers that the allegations of Paragraph 27 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 27.

28. Legacy denies the allegations of Paragraph 28.

29. Legacy avers that the allegations of Paragraph 29 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 29.

30. Legacy denies the allegations of Paragraph 30.

31. Legacy avers that the allegations of Paragraph 31 refer to written communications that speak for themselves. Legacy denies any inconsistent characterization of the documents and denies the remaining allegations of Paragraph 31.

32. Legacy denies the allegations of Paragraph 32.

**Count I**
**Declaratory Judgment**

33. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

34. Legacy avers that the allegations of Paragraph 34 or Plaintiffs' characterization of their claims, to which no response is required. To the extent a response is required, Legacy denies the allegations of Paragraph 34.

35. Legacy denies the allegations of Paragraph 35.

36. Legacy denies the allegations of Paragraph 36.

37. Legacy denies the allegations of Paragraph 37.

38. Legacy denies the allegations of Paragraph 38.

39. Legacy denies the allegations of Paragraph 39. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 39.

**Count Two**
**Wrongful Foreclosure**

40. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

41. Legacy denies the allegations of Paragraph 41. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 41.

**Count Three**
**Breach of Contract**

42. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

43. Legacy denies the allegations of Paragraph 43. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 43.

**Count Four**
**Negligent Misrepresentation**

44. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

45. Legacy denies the allegations of Paragraph 45.

46. Legacy denies the allegations of Paragraph 46. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 46.

**Count Five**
**Tortious Interference**

47. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

48. Legacy denies the allegations of Paragraph 48. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 48.

**Count Six**
**Tortious Interference**

49. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

50. Legacy denies the allegations of Paragraph 50. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 50.

**Count Seven**
**Slander of Title**

51. Legacy adopts and incorporates each of its responses to the allegations of the Verified Complaint as if fully set forth herein.

52. Legacy denies the allegations of Paragraph 52. Legacy denies that Plaintiffs are entitled to any of the relief sought in the unnumbered *ad damnum* paragraph beneath Paragraph 52.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Verified Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrines of unclean hands, waiver, and estoppel.

3. Plaintiffs failed to mitigate their damages, if any.

4. Plaintiffs caused or contributed to their own damages, if any.

5. Plaintiffs' fraud bars their claims.

6. Plaintiffs' breach of contract bars their claims.

7. Legacy is entitled to foreclose on the property.

8. Legacy breached no duty owed to Plaintiffs.

9. Plaintiffs' "planned sale of the Property" was not a protectable business relationship of which Legacy had knowledge.

10. Legacy had no duty to disclose information to Plaintiffs.

11. Plaintiffs' claims are barred or limited by offset and recoupment.

12. Any alleged contract cancellation or modification was not supported by consideration.

13. Any alleged oral contract cancellation or modification is barred by the statute of frauds.

14. Plaintiffs' claims are barred by the statute of limitations.

15. The claims for punitive damages against Legacy cannot be sustained because an award of punitive damages that: (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part

on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Legacy; (iv) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (v) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; (vi) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards; and/or (vii) is permitted to award such damages when Legacy was not given prior notice of the conduct for which such damages may be imposed. Such award of punitive damages would violate Legacy's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

16. As to any punitive damages sought by the Plaintiffs, Legacy is entitled to: (1) a clear and convincing burden of proof; and (2) an effective limit on jury discretion as to the amount of punitive damages.

17. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America and Article 1, Section 6 of the Constitution of the State of Alabama, to impose against Legacy punitive damages, which are penal in nature, yet compel Legacy to disclose potentially incriminating documents and evidence.

18. It is violative of the rights guaranteed by the Constitution of the United States of America to impose punitive damages against Legacy which are penal in nature by requiring a burden of proof on Legacy which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

19. Legacy alleges that any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment in the United States Constitution.

20. Legacy alleges that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Legacy under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Legacy is entitled to the same procedural safeguards accorded to a criminal defendant.

21. Although Legacy denies that the Plaintiffs are entitled to an award of punitive damages, as set forth above, Legacy further states:

A. The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So.2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); *Henderson v. Alabama Power Co.*, 627 So.2d 878, 894-95 (Ala. 1993) (Maddox J., dissenting; Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and Alabama post-verdict review is neither meaningful nor constitutionally adequate to cure this crucial constitutional defect.

B. The Plaintiffs' claims for punitive damages against Legacy cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the

amount of punitive damages that a jury may impose, would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

C. The Alabama punitive damage system, on its face and as applied, violates the Due Process Clauses of the Fourteenth Amendment because there are no standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

D. The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Legacy's alleged conduct in this matter or to any alleged harm to the Plaintiffs and will award legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

E. Without the protection previously provided in § 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant a sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards

22. Legacy hereby reserves all rights to amend this answer and/or supplement its Affirmative Defenses or Counterclaim in accordance with any additional information developed during the course of this litigation.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

### Parties, Jurisdiction, and Venue

1. Legacy is a Texas corporation with its principal place of business in Texas.

2. Springfield is an Alabama limited liability company. Upon information and belief, none of Springfield's members are residents of Texas and Springfield's principal place of business is not in Texas.

3. Third-Party Defendant Ebrahim Jebreel is an individual and resident of Los Angeles, California.

4. This Court has subject matter jurisdiction as the parties are completely diverse and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court as the Property is located in Jefferson County, Alabama and the events forming the basis of this action took place in Jefferson County, Alabama – which is within this division of the Northern District of Alabama.

### Facts

6. On December 20, 2020, Springfield borrowed $300,000 from Legacy to purchase and develop a mobile home park pursuant to a Promissory Note attached as Exhibit B to Plaintiffs' Verified Complaint (the "Note").

7. The Note matured on December 20, 2024, at which point "the entire remaining principal balance and accrued but unpaid interest [became] due and payable." *See* Note at ¶ 6.

8. Springfield's failure to make this payment, on December 20, 2024, constituted an Event of Default. *Id*. at ¶ 6.

9. Since December 20, 2024, Springfield has made no effort to pay the principal balance ($300,000), accrued but unpaid interest (approximately $18,000), attorneys' fees and costs (approximately $10,000, to date), or penalties (approximately $288,000) due under the Note (collectively, the "Debt").

10. The Debt is secured, in part, by a Mortgage that grants Legacy a first priority interest in real property more commonly known as the Forestdale Mobile Home Community, 3124 Una St, Birmingham, Alabama 35214.

11. The Mortgage includes a power-of-sale provision that grants Legacy the right to "sell and dispose of the [Property] at public auction, at the usual place for conducting sales at the courthouse in the county where the Premises or any part thereof may be located, to the highest bidder for cash, after first advertising the time, terms and place of such sale by publishing a notice thereof once a week for three consecutive weeks in some newspaper published in the county where said property is located, all other notice being hereby waived by Mortgagor[s]." *See* Mortgage at ¶ 6.

12. The Debt is also secured by a Personal Guarantee executed by Jebreel in favor of Legacy.

**<u>Count One</u>**
**<u>Breach of Contract</u>**
**<u>(against Springfield and Jabreel)</u>**

13. Legacy adopts and incorporates the preceding allegations of the Counterclaim as if fully set forth herein.

14. Legacy and Springfield were parties to a Note.

15. Springfield breached the Note by failing to pay the "principal balance and . . . unpaid interest" due upon maturity.

16. Jebreel personally guaranteed the Debt.

17. Springfield's breach has caused Legacy to suffer damages that exceed the value of the Property.

WHEREFORE, Legacy requests that this Court enter an order holding that Jebreel and Springfield are jointly and severally liable for the Debt, minus the value of the Property, and this case shall be held in abeyance until the Property is sold at a non-judicial foreclosure sale, pursuant paragraph six of the Mortgage and paragraphs six and fourteen of the Note.

Dated: May 21, 2025

Respectfully submitted,

/s/ Daniel S. Weber_________________
Daniel Weber ASB-2846-C13I
dsweber@smgblawyers.com
(205) 876-1628
SMGB LAW
100 Concourse Parkway
Suite 310 West Tower
Hoover, Alabama 35244
Attorney for Legacy Housing Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, I filed the following document with the Clerk of Court using the Court's CM/ECF filing system, which will send notification to the following:

James P. Pewitt
James P. Pewitt, LLC
Two North Twentieth
20th Street North, Suite 925
Birmingham, Alabama 35203
jim@jamespewitt.com

/s/ Daniel S. Weber________________
Daniel S. Weber