UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SPRINGFIELD MHP, LLC, and GRASMERE MHP, LLC,** | ) ) ) |
| Plaintiffs, | ) ) ) **CIVIL ACTION NO.:** |
| vs. | ) **2:25-cv-00754-RDP** ) |
| **LEGACY HOUSING CORPORATION,** | ) ) ) |
| Defendant/Counterclaim Plaintiff, | ) ) |
| vs. | ) ) |
| **EBRAHIM JEBREEL,** | ) ) |
| Third-Party Defendant. | ) ) |

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S STATUS REPORT

Pursuant to the Court's May 23, 2025 Order (Doc. 10), Defendant/Counterclaim Plaintiff Legacy Housing Corporation ("Defendant") sets forth the following Status Report regarding the Parties' plan to meet and confer and a proposed litigation schedule up to a preliminary injunction hearing. Counsels for the Parties sought to negotiate a Joint Status Report per the Court's Order for over 5 hours but were unable to agree on Paragraph 3 of this Status Report. Legacy offered to recite Plaintiff's position *verbatim* or remove Paragraph 3 altogether, but Plaintiffs refused, instead demanding that Legacy include what it believed to be ambiguous language that did not accurately reflect the Parties' discussions or positions.

1. (Agreed) The Parties intend to convene at least one virtual meeting to discuss the potential sale of the property and potential resolution of all claims on or before Friday, May 30.

2. (Agreed) On or before Tuesday, June 4, the Parties will notify the Court of the outcome of that meeting. If, following the meeting, Plaintiffs wish to move for a preliminary injunction, the Parties will request that the Court schedule Plaintiffs' motion for a half-day hearing on the next date available on the Court's calendar. Plaintiffs' motion and supporting brief shall be due not less than 14 days prior to the hearing, and Defendant's memorandum in opposition shall be due not less than seven days prior to the hearing.

3. (Not agreed) The Temporary Restraining Order ("TRO") expires at midnight May 27, 2025. (Doc. 7). Plaintiffs have not moved to extend the TRO. Plaintiffs refused Defendant's offer to provide a position that could be included *verbatim* in a Joint Status Report on the TRO. Defendant's position is: In the event Plaintiffs move for a preliminary injunction, Defendant agrees not to sell the property until after the preliminary injunction hearing. Plaintiffs have not moved to extend the TRO, and there is no reason for Defendant not to notice the property for sale prior to the preliminary injunction hearing. Under Alabama law, notice of any non-judicial foreclosure sale "must be given by publication once a week for three successive weeks" prior to the date of sale. *See* Alabama Code § 35-10-13 (2024). Nothing prevents Plaintiffs or the Third Party Defendant from selling the property after the sale is noticed, and Defendant has agreed not to sell the property until after the preliminary injunction hearing. To the extent Plaintiffs seek to prevent Defendant from noticing the property for sale, Plaintiffs must file a motion (and show good cause) as required under Rule 65.

4. (Agreed) Without regard to other discovery permitted or required under the Federal Rules of Civil Procedure, each party will be permitted to issue up to three Requests for Production, three Interrogatories, and three Requests for Admission. Responses will be due within seven days of receipt of a discovery request.

Dated: May 27, 2025

Respectfully submitted,

/s/ Daniel S. Weber_____
Daniel Weber ASB-2846-C13I
dsweber@smgblawyers.com
(205) 876-1628
SMGB LAW
100 Concourse Parkway
Suite 310 West Tower
Hoover, Alabama 35244
Attorney for Legacy Housing Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2025, I filed the following document with the Clerk of Court using the Court's CM/ECF filing system, which will send notification to the following:

James P. Pewitt
James P. Pewitt, LLC
Two North Twentieth
20th Street North, Suite 925
Birmingham, Alabama 35203
jim@jamespewitt.com

                                              /s/ Daniel S. Weber
                                              Daniel S. Weber