UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SPRINGFIELD MHP, LLC, and GRASMERE MHP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LEGACY HOUSING CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case: 2:25-cv-00754-RDP |

## RESPONSE TO DEFENDANT'S "STATUS REPORT"

Plaintiffs, Springfield MHP, LLC ("Springfield") and Grasmere MHP, LLC ("Grasmere"), unfortunately have no choice but to take the time to respond to a "status report" (Doc. 11) filed unilaterally by the Defendant, Legacy Housing Corporation ("Legacy"), at 9:42 PM last night.

1.  At its last teleconference, the Court instructed the parties to confer and agree on a preliminary path forward. The idea was to provide an opportunity for the parties to engage in a meaningful settlement discussion and to exchange information that might be necessary for that discussion or, in the event a settlement is not possible, for a hearing on a motion for preliminary injunction.

2.  The source of the parties' disagreement is this: Legacy has stated its intent to notice a non-judicial foreclosure sale of the property at issue in this case

1

before a motion for preliminary injunction can be heard. If Legacy were to publish such a notice, it would cause irreparable harm to Springfield's and Grasmere's attempt to sell the property, and Springfield and Grasmere would be required to come back to the Court yet again for yet another temporary restraining order. Meanwhile, the property is not going anywhere and, if Legacy's note and the debt it purports to memorialize turn out to be enforceable, that note requires the payment of interest at a very high default rate (17.9%), fully protecting Legacy's interests.

3. In the "joint report" that the parties attempted to prepare, Legacy wanted to justify its position by submitting a mini-brief on Rule 65 and by requiring Springfield and Grasmere to submit a min-brief on why good cause exists for the Temporary Restraining Order previously entered in this action, and reaffirmed by this Court, should be extended, either at the Court's discretion or by agreement. The undersigned believed the joint report should simply do as the Court requested. It should set out a schedule to the extent the parties could agree on one and identify any disagreement on scheduling. As to the Temporary Restraining Order, the joint report could have simply stated that, at this time, the parties disagree on whether the Temporary Restraining Order should be extended.

4. The response of Legacy's counsel to the undersigned included a variety of accusations and personal attacks, the repetition of which would not be productive. Suffice it to say that the parties were unable to submit a joint report.

                Respectfully submitted,

                *s/ James P. Pewitt*
                James P. Pewitt
                Attorney for Plaintiffs

**OF COUNSEL:**
**JAMES P. PEWITT, LLC**
Two North Twentieth
2 20th Street North, Suite 925
Birmingham, AL  35203
Telephone: (205) 874-6686
jim@jamespewitt.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing was served upon counsel for the Defendant by the Court's electronic filing system this 28th day of May, 2025.

                *s/ James P. Pewitt*
                James P. Pewitt
                Attorney for Plaintiffs